**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN HARRITY,<br><br>        Plaintiff(s),<br><br>v.<br><br>BANK OF AMERICA CORPORATION, et al.,<br><br>        Defendant(s). | 2:14-CV-445 JCM (GWF) |

**ORDER**

Presently before the court is plaintiff's motion for a preliminary injunction. (Doc. # 23). Defendants have responded (doc. # 25) and plaintiff has replied (doc. # 26).

**I.     Background**

The amended complaint alleges that on March 9, 2007, plaintiff obtained a loan from non-party Quality Home Loans ("Quality") in the amount of $117,000, which was secured with a deed of trust encumbering real property located at 5624 Balzar Avenue, Las Vegas, Nevada, 89108 ("the property"). On August 8, 2009, a notice of default was recorded against the property by defendant Recon Trust.

The property was sold by Recon Trust at a foreclosure sale on October 8, 2010. Plaintiff alleges he was unaware of the sale. On October 18, 2010, a trustee's deed was recorded by Recon Trust in favor of CitiBank. CitiBank bid $133,506.18 on a debt of $133,766.18.

On May 5, 2013, Recon Trust recorded a rescission of the notice of default. On June 25,

**James C. Mahan**
**U.S. District Judge**

1  2013, Recon Trust recorded a notice of rescission of the trustee's deed.

2  Plaintiff alleges that he entered into a loan modification agreement in 2011 with "whom he
3  believed was Bank of America", but discovered two years later that Bank of America had transferred
4  his mortgage to CitiBank in 2010. Plaintiff alleges that he learned he is not the owner of title to the
5  property in 2013, and filed the instant lawsuit thereafter.

6  Importantly, the property is not currently in active foreclosure and no notice of default has
7  been recorded.

8  The amended complaint alleges causes of action for (1) breach of contract; (2) slander of
9  title; (3) fraud; (4) negligence; (5) quiet title; (6) breach of the covenant of good faith and fair
10  dealing; and (7) wrongful foreclosure.

11  In the instant motion, plaintiff seeks to enjoin defendants from "taking any action involving
12  the property" and wishes to continue making his mortgage payments to the court.

13  **II.     Legal standard**

14  In determining whether injunctive relief is warranted, courts must evaluate the following
15  factors: (1) the likelihood of success on the merits; (2) the likelihood of irreparable injury if
16  preliminary relief is not granted; (3) the balance of hardships; and (4) the advancement of the public
17  interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

18  **III.    Discussion**

19  Plaintiff has failed to demonstrate that he suffers a likelihood of irreparable injury if the court
20  does not grant preliminary relief. Because there has not been a foreclosure initiated against the
21  property–nor has one been threatened–the court finds that there is no "real or immediate threat" of
22  an irreparable injury. *See Cole v. Oroville Union High School Dist.*, 228 F.3d 1092, 1100 (9th Cir.
23  2000)("In the context of injunctive relief, the plaintiff must demonstrate a real or immediate threat
24  of an irreparable injury."). The mere fact that defendants have the power to initiate foreclosure at
25  some future point, if they so choose, demonstrates only the potential for a speculative future harm.
26  This is not enough to warrant the extraordinary relief plaintiff seeks.

27  . . .

28

**James C. Mahan
U.S. District Judge**

- 2 -

1  Accordingly,

2  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for a
3  preliminary injunction (doc. # 23) be, and the same hereby is, DENIED.

4  DATED August 4, 2014.

*[signature: James C. Mahan]*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -