1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8

JOHN HARRITY,                                    2:14-CV-445 JCM (GWF)

9                    Plaintiff(s),

10   v.

11

12   BANK OF AMERICA
     CORPORATION, et al.,

13                    Defendant(s).

14

15                                    **ORDER**

16        Presently before the court is a motion to dismiss filed by defendants Bank of America Corp.;

17   Citibank, N.A.; ReconTrust Company, N.A.; and Nationstar Mortgage, LLC (collectively

18   "defendants").  (Doc. # 22).[1]  Plaintiff John Harrity has filed a response (doc. # 24).

19   **I.    Background**

20        This is a mortgage foreclosure related lawsuit.  Plaintiff alleges that on March 9, 2007, he

21   obtained a loan from Bank of America in the amount of $117,000, which was secured with a deed

22   of trust encumbering real property located at 5624 Balzar Avenue, Las Vegas, Nevada, 89108 ("the

23   property").  (Doc. # 17 at 2).[2]  In August 2009, ReconTrust recorded a notice of default against the

24

25        [1] Pursuant to District of Nevada Special Order 109(III)(F)(4), a separate document must be filed on the docket
     for each purpose.  The court cannot consider defendants' request for judicial notice unless it is filed separately, as a

26   motion.

27        [2] Defendants on file are: Bank of America Corp., Citibank, N.A., ReconTrust Co., N.A., and Nationstar
     Mortgage, LLC.  The court cannot consider plaintiff's claims against BAC Home Loan Servicing, LP unless it is a proper

28   party to the action.

**James C. Mahan**
**U.S. District Judge**

1   property.

2       In June and August 2010, ReconTrust recorded a notice of a trustee's sale.  ReconTrust sold

3 the property at a foreclosure sale in October 2010, and recorded a trustee's deed in favor of Citibank.

4 Citibank bid $133,506.18 on a debt of $133,766.18.  Plaintiff alleges he was unaware of the sale.

5 On May 5, 2011, ReconTrust recorded a rescission of the notice of default.

6       Plaintiff alleges that he entered into a loan modification agreement in April 2011 with BAC

7 Home Loan Servicing, LP ("BAC"), "whom he believed was Bank of America," but discovered two

8 years later that Bank of America had transferred his mortgage to Citibank in 2010.  Plaintiff alleges

9 that he learned he was not the owner of title to the property in 2013.

10       On June 25, 2013, ReconTrust recorded a notice of rescission of the trustee's deed.  The

11 property is not currently in active foreclosure and no notice of default has been recorded.

12       Plaintiff initiated this action in Nevada state court on February 20, 2014.  (*See* doc. # 1-1).

13 Subsequently, on March 25, 2014, defendant removed the action to this court. (Doc. # 1).  On April

14 30, 2014, plaintiff amended his complaint, alleging causes of action for: (1) breach of contract; (2)

15 slander of title; (3) fraud; (4) negligence; (5) quiet title; (6) breach of the covenant of good faith and

16 fair dealing; and (7) wrongful foreclosure.  (Doc. # 17).  Plaintiff alleges that BAC, Citibank,

17 ReconTrust, and Nationstar were "acting as one entity and/or in concert with each other."  (Doc. #

18 17 at 3).  Plaintiff seeks, *inter alia*, monetary damages and a declaration that the loan modification

19 agreement is enforceable.  (Doc. # 17 at 11).

20       In the instant motion, defendants seek dismissal of all claims.  (Doc # 22).  The court will

21 address each in turn.

22 **II.    Legal Standard**

23       A court may dismiss a complaint for "failure to state a claim upon which relief can be

24 granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

25 statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*

26 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual

27 allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

28

**James C. Mahan**
**U.S. District Judge**

1   of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

2          "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S.

3   at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to

4   "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

5          In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

6   considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations

7   in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id.* at 678-

8   79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do

9   not suffice.  *Id.* at 678.

10          Second, the court must consider whether the factual allegations in the complaint allege a

11   plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint

12   alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the

13   alleged misconduct.  *Id.* at 678.

14          Where the complaint does not permit the court to infer more than the mere possibility of

15   misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief."  *Id.*

16   (internal quotations omitted).  When the allegations in a complaint have not crossed the line from

17   conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

18          The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

19   1216 (9th Cir. 2011).  The *Starr* court stated, "First, to be entitled to the presumption of truth,

20   allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

21   but must contain sufficient allegations of underlying facts to give fair notice and to enable the

22   opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must

23   plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to

24   be subjected to the expense of discovery and continued litigation."  *Id.*

25   **III.    Discussion**

26          *A.       Breach of contract - Bank of America and Citibank*

27          Under Nevada law, a claim against a defendant for breach of contract requires that a

28

James C. Mahan
U.S. District Judge

1   defendant be a party to the contract.  *See Clark Cnty. v. Bonanza No. 1*, 615 P.2d 939, 943 (Nev.

2   1980).  Here, plaintiff acknowledges that his loan modification contract was with BAC, but contends

3   the contract "clearly indicates" Bank of America as the lender.  (Doc. # 17 at 3-4).

4          While the loan modification contract states that BAC is a subsidiary of Bank of America,

5   N.A., the general rule is that a subsidiary and the parent are separate entities for liability purposes.

6   *See Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001).  To show otherwise, "plaintiff must

7   make out a prima facie case (1) that there is such unity of interest and ownership that the separate

8   personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate

9   identities] would result in fraud or injustice."  *Id.* (citation and internal quotations omitted).  Plaintiff

10  has not sufficiently stated any facts to support a reasonable inference that the general rule is

11  inapplicable, and merely makes the conclusory allegation that "BAC, Citibank, and potentially

12  ReconTrust and Nationstar" have "appeared" to act as one entity or in concert.  (Doc. # 17 at 5).

13         As BAC is not a named defendant in this action and Bank of America and Citibank are not

14  a party to the loan modification contract, plaintiff has failed to state a plausible claim for breach of

15  contract.  Accordingly, defendants' motion to dismiss will be granted as to this claim.

16         B.     *Slander of title - Citibank and ReconTrust*

17         Plaintiff asserts that the two documents ReconTrust recorded— a trustee deed upon sale

18  followed by a notice of rescission of that deed—impaired his title.  (Doc. # 17 at 5).  Plaintiff alleges

19  that defendants acted maliciously by recording both documents, which impaired the vendibility of

20  his property on the market.  (Doc. # 17 at 6).  In response, defendants argue that plaintiff failed to

21  identify any "false or malicious" communications or how any statements allegedly slandered his title.

22  (Doc. # 22 at 5).  The court agrees.

23         "Slander of title involves false and malicious communications that disparage a person's title

24  in land and cause special damages."  *McKnight Family, LLC v. Adept Mgmt.*, 310 P.3d 555, 559

25  (Nev. 2013) (citing *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987)).  The complaint is devoid

26  of any allegations regarding a false and malicious communication.  In fact, plaintiff alleges the

27  contrary—that defendants "failed to communicate" with each other.  (Doc. # 17 at 6).  Accordingly,

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    defendants' motion to dismiss will be granted as to the slander of title claim.

2          C.     *Fraud - all defendants*

3          To state a claim for fraud, plaintiff must allege: (1) a false representation made by defendant;

4    (2) defendant's knowledge or belief that its representation was false or that defendant has an

5    insufficient basis of information for making the representation; (3) defendant intended to induce

6    plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to plaintiff as a

7    result of relying on the misrepresentation. *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev.

8    1998).

9          Moreover, any claim for fraud must be pled with particularity under Fed. R. Civ. P. 9(b).

10   *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999).  Plaintiff must present details regarding

11   the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme."

12   *Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

13         The allegations set forth in the complaint fall woefully short of the level of specificity

14   required by Rule 9.  Plaintiff has not identified the time, place, or manner of any alleged fraud, nor

15   detailed each defendants' role.  Further, plaintiff fails to specify any defendant, merely referring to

16   "defendants" collectively.  Accordingly, the court will dismiss plaintiff's fraud claim.

17         D.     *Negligence - all defendants*

18         Plaintiff alleges that defendants owed a duty of reasonable care and skill as his lender and

19   loan server and that defendants breached this duty by failing to give him notice of the sale, recording

20   false documents, and improperly foreclosing on the property.  (Doc. # 17 at 7-8).

21         To state a claim for negligence, plaintiff must allege: (1) an existing duty of care; (2) breach;

22   (3) legal causation; and (4) damages. *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175

23   (Nev. 2008).  Moreover, "[l]iability to a borrower for negligence arises only when the lender actively

24   participates in the financed enterprise beyond the domain of the usual money lender." *Velasquez v.*

25   *HSBC Mortg. Servs.*, No. 2:09-CV-00784-KJD-LRL, 2009 WL 2338852, at *5 (D. Nev. July 24,

26   2009) (citation and internal quotations omitted).

27   . . .

28

**James C. Mahan**
**U.S. District Judge**                                                          - 5 -

1  Plaintiff has not adequately alleged any facts to support a reasonable inference that

2  defendants are liable for negligence.  Plaintiff merely alleges, without factual support, that

3  defendants were acting as one entity.  Accordingly, the court will grant defendants' motion to

4  dismiss as to this claim.

5       *E.     Quiet title - all defendants*

6       A quiet title claim requires a plaintiff to allege that a defendant is unlawfully asserting an

7  adverse claim to title to real property. *Union Mill & Mining Co. v. Warren*, 82 F. 519, 520 (D. Nev.

8  1897); *Clay v. Scheeline Banking & Trust Co.*, 159 P. 1081, 1082 -83 (Nev. 1916).

9       Plaintiff has failed to allege that defendants are unlawfully asserting an adverse claim to title.

10 Plaintiff even acknowledges that he took the property "free and clear" when ReconTrust rescinded

11 the trustee sale.  (Doc. # 17 at 9).  Accordingly, defendants' motion to dismiss will be granted as to

12 this claim.

13      *F.     Breach of the covenant of good faith and fair dealing - Citibank and ReconTrust*

14      "It is well established within Nevada that every contract imposes upon the contracting parties

15 the duty of good faith and fair dealing."  *Hilton Hotels Corp. v. Butch Lewis Prods., Inc* ., 862 P.2d

16 1207, 1209 (Nev.1993).  To state a claim for a breach of the covenant of good faith and fair dealing,

17 plaintiff must allege: (1) plaintiff and defendant were parties to an agreement; (2) defendants owed

18 a duty of good faith to plaintiff; (3) defendants breached that duty by performing in a manner

19 unfaithful to the purpose of the contract; and (4) plaintiff's justified expectations were denied. *Perry*

20 *v. Jordan*, 900 P.2d 335, 338 (Nev.1995).

21      Plaintiff alleges that defendants acted in bad faith under the loan modification agreement.

22 (Doc. # 17 at 10).  As the Citibank and ReconTrust were not a party to this loan, plaintiff has failed

23 to plausibly allege that Citibank and ReconTrust were parties to an agreement. Accordingly, the court

24 will grant defendants' motion to dismiss as to the breach of the covenant of good faith and fair

25 dealing claim.

26      *F.     Wrongful foreclosure - Citibank and ReconTrust*

27      In a wrongful foreclosure action, the borrower must "establish that at the time the power of

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of power of sale." *Collins v. Union Federal Sav. & Loan Ass'n.*, 662 P.2d 610, 623 (Nev. 1983); *see also Pimental v. Countrywide Home Loans, Inc.*, No. 2:10-CV-02125-KJD-LRL, 2011 WL 2619093, at *2 (D. Nev. July 1, 2011) ("Nevada recognizes the tort of wrongful foreclosure only where a homeowner alleges a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the mortgagor was not in default on the mortgage loan.").

Plaintiff admits that he fell behind on payments and ReconTrust recorded a notice of default against the property in August 2009. (Doc. # 17 at 2-3). Plaintiff alleges that the trustee sale took place in October 2010 and the loan modification in April 2011. (Doc. # 17 at 3). As plaintiff admits he was in default, he has failed to sufficiently state a plausible claim of wrongful foreclosure. Accordingly, defendants' motion to dismiss will be granted as to this claim.

**IV.   Conclusion**

Based on the foregoing, the court will grant defendants' motion to dismiss as to all plaintiff's claims. While defendants seek dismissal with prejudice, the court finds that dismissal without prejudice is warranted.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss (doc. # 22) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that claims one through seven are DISMISSED without prejudice consistent with the foregoing.

DATED August 26, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 7 -